**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § § | |
| **Plaintiff,** | § § | |
| v. | § | Case No. 4:14-CR-182-KPJ-1 |
| **JONATHAN TRENT WOLF,** | § § § | |
| **Defendant.** | § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Jonathan Trent Wolf's ("Defendant") Motion for Expungement (the "Motion") (Dkt. 22). The Government filed a Response in opposition to the Motion (Dkt. 25), and Defendant filed a Reply (Dkt. 28). On August 13, 2020, the Court held a hearing to address the Motion (the "Hearing"). *See* Dkt. 30. The Court has considered the record before it and the arguments presented at the Hearing. As set forth below, the Court finds that the Motion (Dkt. 22) is **DENIED**.

**I.  BACKGROUND**

On March 3, 2015, Defendant pled guilty to violating 18 U.S.C. § 716, Transport, in Interstate Commerce, a Counterfeit Official Insignia, and was sentenced to eighteen months of probation by the Honorable Judge Don Bush. *See* Dkt. 17. Defendant successfully completed his probation on September 3, 2016. *See* Dkt. 22. On February 10, 2020, Defendant filed the Motion, seeking expunction of his record so that he may pursue a career in law enforcement. *See id*. The Government is opposed to the Motion. *See* Dkt. 25.

## II.     ANALYSIS

"The power to order expungement is part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights." *United States v. Derouen*, 279 F.Supp.3d 298, 299 (D.D.C. Jan. 17, 2018). A federal court may only order expungement where it is authorized by statute or by exercising the court's inherent equitable powers. *See id*. (citing *United States v. Archer*, Criminal No. 07-0029, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012)). Because maintaining records assists law enforcement in efficiently conducting future criminal investigations, "expungements of criminal records are rare." *Id*. at 300.

In the Motion, Defendant does not argue that expungement of his record is authorized by any statute. *See* Dkt. 22. In his Reply in support of the Motion, Defendant directs the Court and the Government to the "Federal Second Chance Act of 2007, 2009, and 2011," the "Fresh Start Act of 2011," and the "REDEEM Act of 2014." *See* Dkt. 28. Of the "Acts" referred to by Defendant, only the Second Chance Act of 2007 was enacted into law. *See* Second Chance Act of 2007, Pub. L. No. 110-199. Defendant has cited to no specific authority within the Second Chance Act, and the Court has found no such authority, authorizing the expungement of Defendant's record. *See id*. Thus, absence statutory authority, the Court may only order expungement under its inherent equitable powers. *Derouen*, 279 F.Supp.3d at 299.

When a federal court exercises its inherent equitable power to order expungement, it requires "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe v. Webster*, 606 F.2d 1226, 1230 (D.C. Cir. 1979). A federal court has the power to order the expungement of government records, such as criminal records, "where necessary to vindicate rights secured by the Constitution or by statute." *Chastain v. Kelley*, 510 F.2d 1232 (D.C. Cir. 1975).

Defendant does not challenge the validity of his arrest and subsequent conviction in the Motion. Defendant also does not allege any unusual or extraordinary circumstances justifying expungement. Defendant's only justification for seeking expungement is his desire to work in law enforcement. As noted by other courts, difficulties in obtaining employment are not considered an unusual or extraordinary circumstance. *See Derouen*, 279 F.Supp.3d at 300 ("A criminal record is a usual, ordinary barrier to gainful employment," and any harm or delay to a defendant's career "[does] not outweigh the government's interest in maintaining a record of his arrest and conviction.") (citing *Archer*, 2012 WL 5818244, at *1); *see also United States v. Douglas*, 2017 WL 4551211, at *2–3 (D.D.C. Oct. 10, 2017). As Defendant has not presented the Court with any statutory authority in support of his expungement and has not pled "extraordinary circumstances" justifying expungement, the Court finds that Defendant's Motion must be denied.

### III.    CONCLUSION

For these reasons, the Court finds that Defendant's Motion for Expungement (Dkt. 22) is **DENIED**.

**So ORDERED and SIGNED this 17th day of August, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE